UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>WHIPPLE PLUMBING INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 1:26-cv-00033<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

David Crossett filed this action without an attorney and without paying the filing fee.[1] The court temporarily granted Mr. Crossett's motion to waive the filing fee and stayed the case for screening.[2] Because Mr. Crossett fails to state a plausible claim for relief under the Americans with Disabilities Act[3] (ADA), he is permitted to file an amended complaint by **September 8, 2026**. The court again temporarily grants the motion to waive the filing fee[4] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 8.)

[3] 42 U.S.C. §§ 12101 et seq.

[4] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But a court need not accept a plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim,"[10] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Because Mr. Crossett proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13] For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## BACKGROUND

Mr. Crossett filed a form complaint alleging the defendants violated the ADA and made statements amounting to defamation under state law.[17] The caption lists the following defendants: Whipple Plumbing, Inc., "Jeff," "Stuart," Jacquelyn Judd, and Kent

---

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[17] (*See* Compl., Doc. No. 1 at 4.)

Whipple.[18] The complaint does not describe what role any individual defendant played in the alleged violations of law.[19] But contextually, these defendants seem to be associated with Whipple Plumbing.

Mr. Crossett's claims arise from a contractual relationship with Whipple.[20] Mr. Crossett alleges he suffers from various health conditions that necessitated "customized plumbing and electrical systems at [his] residence designed to accommodate [his] disabilities."[21] The Whipple defendants installed and maintained the systems for approximately three years in accordance with a "paid service membership."[22]

According to Mr. Crossett, on or about May 7, 2025, the Whipple defendants performed a routine service at his residence.[23] Afterward, they terminated Mr. Crossett's ongoing service contract due to a report that Mr. Crossett had "made derogatory comments."[24] Mr. Crossett denies making any such statements.[25]

---

[18] (*Id.* at 1.)

[19] (*Id.* at 4.)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.*)

[23] (*Id.*)

[24] (*Id.*)

[25] (*Id.*)

## ANALYSIS

Mr. Crossett claims the Whipple defendants, by cancelling the ongoing service contract, denied him "full and equal enjoyment of a place of public accommodation in violation of the [ADA]."[26] Additionally, he contends the false statements made by Whipple employees give rise to a defamation claim.[27] But the factual allegations do not support a claim that Whipple Plumbing or its employees discriminated against Mr. Crossett at a place of public accommodation in violation of the ADA, based on events occurring at his private residence.

Under the ADA, a private party may not deny "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" the private party "owns, leases (or leases to), or operates."[28] The statute extensively describes locations that qualify as places of "public accommodation."[29] Generally, they "include only operations or entities where members of the public gather or intermingle."[30] "Title III's prohibitions do not extend beyond

---

[26] (*Id.*)

[27] (*Id.)*

[28] 42 U.S.C. § 12182(a).

[29] 42 U.S.C. § 12181(7).

[30] *Doe v. Extra Space Storage Inc.*, No. 2:25-CV-00590, 2025 U.S. Dist. LEXIS 144295, at *8 (D. Utah July 28, 2025) (unpublished).

actual, physical places of public accommodation."[31] "Facially, the statute does not include a private residence, such as a residential home or apartment."[32]

In his complaint, Mr. Crossett states that the Whipple defendants "installed and maintained customized plumbing and electrical systems *at Plaintiff's residence*."[33] Mr. Crossett's residence is the only physical location referenced in the complaint.[34] And the allegations do not bring Mr. Crossett's private residence within the scope of the statutory definition of a public accommodation.[35] Where the physical location alleged in the complaint is Mr. Crossett's personal residence, Mr. Crossett does not state an ADA claim against the Whipple defendants.[36] And if Mr. Crossett's ADA claim is dismissed,

---

[31] *J.H. v. Just for Kids, Inc.*, 248 F. Supp. 3d 1210, 1217 (D. Utah 2017).

[32] *Phibbs v. Am. Prop. Mgmt.*, 2008 U.S. Dist. LEXIS 21879, at *6–7 (D. Utah March 19, 2008) (unpublished).

[33] (Compl., Doc. No. 1 at 4 (emphasis added).)

[34] (*See id.*)

[35] *See* 42 U.S.C. § 12181(7); *Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *6–7 (unpublished).

[36] *See Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *6–7 (unpublished).

the court should decline to exercise supplemental jurisdiction over his state law defamation claim.[37] Accordingly, both of Mr. Crossett's claims are subject to dismissal.

* * *

For these reasons, the complaint as a whole is subject to dismissal.[38] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[39] Mr. Crossett will be given an opportunity to amend his complaint.

## CONCLUSION

1. Mr. Crossett may file an amended complaint by **September 8, 2026**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Crossett is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[40]

---

[37] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[38] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[39] *Kay*, 500 F.3d at 1217 (citation omitted).

[40] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[41]

4. The court again temporarily grants the motion to waive the filing fee[42] pending screening of the amended complaint, if any is filed.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 18th day of August, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[41] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

[42] (Doc. No. 2.)