UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>WHIPPLE PLUMBING INC., et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 1:26-cv-00033<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

In this Americans with Disabilities Act[1] (ADA) case, David Crossett claims a plumbing company and associated defendants violated his rights by cancelling a service contract, among other things.[2] After identifying deficiencies in his complaint under 28 U.S.C. § 1915(e)(2)(B), the court invited Mr. Crossett to file an amended complaint.[3] He did not do so. Then, in another case filed by Mr. Crossett in this district, the defendants filed a notice stating Mr. Crossett died.[4] Apparently, he died about a week before the court entered its order permitting him to amend his complaint in this case.[5]

---

[1] 42 U.S.C. §§ 12101 et seq.

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 12.)

[4] *See David D. Crossett v. Turo, Inc. et al.*, No. 1:24-cv-00140, Notice of Suggestion of Death, Doc. No. 59 (D. Utah Aug. 24 2026).

[5] The notice states Mr. Crossett died on August 10, and the order permitting amendment was entered on August 18, 2026.

Because Mr. Crossett's complaint fails to state a plausible federal claim for relief, and the court should decline to exercise jurisdiction over any state law claim, the undersigned[6] recommends the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEGAL STANDARDS**

Mr. Crossett filed this case without an attorney and without paying the filing fee.[7] When a court lets a party file a case without paying a filing fee, it must dismiss the case if the complaint "fails to state a claim on which relief may be granted."[8] To decide this, the court uses the standard applied to motions to dismiss under Rule 12(b)(6).[9] To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[10] Courts accept well-pleaded factual allegations as true, viewing them and drawing reasonable inferences in the plaintiff's favor.[11] But courts do not accept plaintiffs' conclusory allegations as true.[12] "Threadbare recitals" are

---

[6] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 5.)

[7] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *see also* Fed. R. Civ. P. 12(b)(6).

[10] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[11] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

insufficient.[13] And "a plaintiff must offer specific factual allegations to support each claim."[14]

Because Mr. Crossett filed this case without an attorney, his filings are liberally construed.[15] But he still must follow the procedural rules.[16] For instance, he must allege "sufficient facts on which a recognized legal claim could be based."[17] Simply put, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

**MR. CROSSETT'S COMPLAINT**

Mr. Crossett filed a form complaint alleging the defendants violated the ADA and made statements amounting to defamation under state law.[19] The caption lists the following defendants: Whipple Plumbing, Inc., "Jeff," "Stuart," Jacquelyn Judd, and Kent Whipple.[20] The complaint does not describe what role any individual defendant played

---

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[14] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[15] *Hall*, 935 F.2d at 1110.

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[17] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[19] (*See* Compl., Doc. No. 1 at 4.)

[20] (*Id.* at 1.)

in the alleged violations of law.[21] But contextually, these defendants seem to be associated with Whipple Plumbing.

Mr. Crossett's claims arise from a contractual relationship with Whipple.[22] Mr. Crossett alleges he suffers from various health conditions that necessitated "customized plumbing and electrical systems at [his] residence designed to accommodate [his] disabilities."[23] The Whipple defendants installed and maintained the systems for approximately three years in accordance with a "paid service membership."[24]

According to Mr. Crossett, on or about May 7, 2025, the Whipple defendants performed a routine service at his residence.[25] Afterward, they terminated Mr. Crossett's ongoing service contract due to a report that Mr. Crossett had "made derogatory comments."[26] Mr. Crossett denies making any such statements.[27]

## ANALYSIS

In his complaint, Mr. Crossett fails to state a plausible federal claim for relief. Mr. Crossett claims the Whipple defendants, by cancelling the ongoing service contract, denied him "full and equal enjoyment of a place of public accommodation in violation of

---

21 (*Id.* at 4.)

22 (*Id.*)

23 (*Id.*)

24 (*Id.*)

25 (*Id.*)

26 (*Id.*)

27 (*Id.*)

the [ADA]."[28] Additionally, he contends the false statements made by Whipple employees give rise to a defamation claim.[29] But the factual allegations do not support a claim that Whipple Plumbing or its employees discriminated against Mr. Crossett at a place of public accommodation in violation of the ADA, based on events occurring at his private residence.

Under the ADA, a private party may not deny "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" the private party "owns, leases (or leases to), or operates."[30] The statute extensively describes locations qualifying as places of "public accommodation."[31] Generally, they "include only operations or entities where members of the public gather or intermingle."[32] "Title III's prohibitions do not extend beyond

---

[28] (*Id.*)

[29] (*Id.)*

[30] 42 U.S.C. § 12182(a).

[31] 42 U.S.C. § 12181(7).

[32] *Doe v. Extra Space Storage Inc.*, No. 2:25-cv-00590, 2025 U.S. Dist. LEXIS 144295, at *8 (D. Utah July 28, 2025) (unpublished).

actual, physical places of public accommodation."[33] "Facially, the statute does not include a private residence, such as a residential home or apartment."[34]

In his complaint, Mr. Crossett claims the Whipple defendants "installed and maintained customized plumbing and electrical systems *at Plaintiff's residence*."[35] Mr. Crossett's residence is the only physical location referenced.[36] But the allegations do not bring Mr. Crossett's private residence within the scope of the statutory definition of a public accommodation.[37] Where the location alleged in the complaint is Mr. Crossett's personal residence, Mr. Crossett does not state an ADA claim against the Whipple defendants.[38] And if Mr. Crossett's ADA claim is dismissed, the court should decline to exercise supplemental jurisdiction over his state law defamation claim.[39]

---

[33] *J.H. v. Just for Kids, Inc.*, 248 F. Supp. 3d 1210, 1217 (D. Utah 2017).

[34] *Phibbs v. Am. Prop. Mgmt.*, No. 2:02-cv-00260, 2008 U.S. Dist. LEXIS 21879, at *6–7 (D. Utah Mar. 19, 2008) (unpublished).

[35] (Compl., Doc. No. 1 at 4 (emphasis added).)

[36] (*See id.*)

[37] *See* 42 U.S.C. § 12181(7); *Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *6–7 (unpublished).

[38] *See Phibbs*, 2008 U.S. Dist. LEXIS 21879, at *6–7 (unpublished).

[39] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

* * *

For these reasons, the complaint as a whole must be dismissed.[40] Ordinarily, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[41] The court gave Mr. Crossett a chance to amend, but he died before the order permitting amendment was issued. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party."[42] But it is not clear whether an ADA claim survives a plaintiff's death.[43] Where Mr. Crossett's complaint does not state a plausible ADA claim, this issue is not addressed. Instead, the undersigned recommends dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Because Mr. Crossett does not state a plausible federal claim for relief, and the court should decline to exercise jurisdiction over his state law claim, the undersigned

---

[40] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[41] *Kay*, 500 F.3d at 1217 (citation omitted).

[42] Fed. R. Civ. P. 25(a)(1).

[43] The Tenth Circuit has not decided this issue and courts in this district have reached conflicting conclusions. *See Randall v. Smith & Edwards Co.*, No. 1:20-cv-00183, 2023 U.S. Dist. LEXIS 95996, at *51–52 (D. Utah May 31, 2023) (unpublished) (finding ADA claims survived the plaintiff's death); *Allred v. Solaray*, 971 F. Supp. 1394, 1398 (D. Utah 1997) (finding ADA claims did not survive the plaintiff's death); *see also Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312 (10th Cir. 2021) (declining to reach this issue).

recommends the district judge dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

This Report and Recommendation will be emailed and mailed to Mr. Crossett's email address and physical address listed on the docket. Any objection to this Report and Recommendation must be filed within fourteen days, and failure to object may be considered a waiver of objections.[44]

DATED this 26th day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[44] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).