IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br>Plaintiff,<br>v.<br>WHIPPLE PLUMBING INC., et al.,<br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br>Case No. 1:26-cv-00033-RJS-DAO<br>Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

Before the court is the Report and Recommendation issued by Magistrate Judge Daphne A. Oberg.[1] The Report recommends Plaintiff David D. Crossett's Complaint be dismissed without prejudice.[2]

On March 9, 2026, Crossett filed the Complaint against Defendants Whipple Plumbing Inc. and several of its employees, alleging violations of the Americans with Disabilities Act (ADA).[3] Crossett also filed a Motion for Leave to Proceed in Forma Pauperis.[4] On August 18, 2026, Judge Oberg issued an Order temporarily granting Crossett's IFP Motion.[5] Judge Oberg concluded the Complaint failed to state a plausible claim for relief under the ADA, and ordered Crossett to file an amended complaint addressing the shortcomings by September 8, 2026.[6]

---

[1] Dkt. 13, *Report and Recommendation to Dismiss Action Pursuant to 28 U.S.C. § 1915* (*Report*).

[2] *See id.* at 7–8; *see also* Dkt. 1, *Complaint for Violation of Civil Rights* (*Complaint*).

[3] *Complaint* at 4–5.

[4] Dkt. 2, *Application to Proceed in District Court without Prepaying Fees or Costs* (*IFP Motion*).

[5] Dkt. 12, *Memorandum Decision and Order Permitting Amended Complaint and Temporarily Granting Motion to Waive Filing Fee (Doc. No. 2)* (*Order*).

[6] *Id.* at 1, 7–8.

However, the court later learned Crossett passed away prior to the issuance of the Order.[7] Thus, no amended complaint was filed.[8]

Under Federal Rule of Civil Procedure 25, the court may order substitution of the proper party following a litigant's passing.[9] On October 26, 2026, Judge Oberg issued the Report concluding the Complaint failed to state a plausible claim for relief and it is not clear whether an ADA claim survives a plaintiff's death.[10] Accordingly, the Report recommended the Complaint be dismissed without prejudice for failure to state a claim for relief.[11]

The court has reviewed the Report and finds no clear error.[12] For the reasons stated in the Report, the court adopts the Report and dismisses the Complaint.

**ORDER**

The court ADOPTS the Report in full.[13] The Complaint is DISMISSED without prejudice.[14] The court directs the Clerk of Court to close the case.

---

[7] *See Report* at 1.

[8] *See generally Docket*.

[9] Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party by the decedent's successor or representative.").

[10] *Report* at 7.

[11] *Id.* at 2, 7–8.

[12] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[13] Dkt. 13.

[14] Dkt. 1.

SO ORDERED this 19th day of November, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge